IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DONALD GIBBS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Cv. No. 2:14-cv-2402-JPM-dkv<br>Cr. No. 2:10-cr-20053-JPM |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Donald Gibbs, Bureau of Prisons register number 23515-076, an inmate at the Federal Correctional Institution Medium in Yazoo City, Mississippi. (§ 2255 Mot., *Gibbs v. United States,* No. 2:14-cv-02402-JPM-dkv (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES Movant's § 2255 Motion.

I.      **BACKGROUND**

A.      **Case Number 10-20053**

On January 26, 2010, a federal grand jury returned a two-count indictment against Gibbs. (Indictment, *United States v. Gibbs*, No. 2:10-cr-20053-JPM (W.D. Tenn.), ECF No. 1.) Count 1 charged that Gibbs, a convicted felon, possessed a Smith & Wesson .40 caliber semi-automatic firearm on or about December 10, 2009, in violation of 18 U.S.C. § 922(g). Count 2 charged that

Gibbs, being an unlawful user of and addicted to a controlled substance, possessed a Smith & Wesson .40 caliber semi-automatic pistol on or about December 10, 2009, in violation of 18 U.S.C. § 922(g). The factual basis for these charges is stated in the presentence report ("PSR"), and in part repeated below:

> 4. According to the investigative file on December 10, 2009, at 3:10 p.m., Memphis Police Officers arrived at 4814 Tulane Road in Memphis, TN after receiving a tip . . . [that] **Donald Gibbs**, had an outstanding warrant, and could be found at the location. . . . The officers entered [**Donald Gibb's**] room and apprehended **Donald Gibbs**. As officers were effecting the apprehension, a firearm was observed on the bed, protruding from underneath the pillow where **Donald Gibbs** had been sleeping. The firearm was found to be a Smith & Wesson .40 caliber pistol (serial #PBV6459) loaded with one round in the chamber and nine rounds in the magazine. **Donald Gibbs** stated that it was not his firearm. Upon checking, officers discovered that the recovered firearm had been reported stolen out of Southaven, MS.
>
> 5. Case investigators confirmed that prior to December 10, 2009, Donald Gibbs had been convicted of a felony. The Smith and Wesson pistol recovered by officers on December 10, 2009 was examined by a federal agent who determined that the firearm had not been manufactured in the State of Tennessee. [I]nformation regarding **Donald Gibbs'** history of using controlled substances [was later obtained].

(PSR ¶¶ 4-5.)

Pursuant to a written Plea Agreement, Gibbs appeared before this Court on March 3, 2011, to plead guilty to Count 1 of the Indictment. (Min. Entry, *United States v. Gibbs*, No. 2:10-cr-20053-JPM (W.D. Tenn.), ECF No. 59; Plea Agreement, *id.*, ECF No. 62.) The Plea Agreement provided, in pertinent part, that "[t]he United States agrees to recommend that the court impose a term of 180 months imprisonment." (Plea Agreement at 2, *id.*, ECF No. 62.) At a hearing on June 3, 2011, the Court sentenced Gibbs as an armed career criminal to a term of imprisonment of one hundred eighty months. (Min. Entry, *id.*, ECF No. 65.)[1] Judgment was

---

[1] The 2010 edition of the *Guidelines Manual* was used to determine Gibbs' sentence. (PSR ¶ 9.) Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines, the base

entered on June 3, 2011. (J. in a Criminal Case, *United States v. Gibbs,* No. 2:10-cr-20053-JPM (W.D. Tenn.), ECF No. 66.) Gibbs did not take a direct appeal, having waived the right to do so (*see* Plea Agreement at 2, *id.*, ECF No. 62.).

B.     **Case Number 14-2402**

On May 29, 2014, Gibbs filed his *pro se* § 2255 Motion. (§ 2255 Mot., *Gibbs v. United States,* No. 2:14-cv-02402-JPM-dkv (W.D. Tenn.), ECF No. 1.) The sole issue presented is whether Movant's sentence was imposed in violation of the Sixth Amendment in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

II.     **THE LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

---

offense level for unlawful possession of a firearm is 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Gibbs received a two-level enhancement for a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A), and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, resulting in an adjusted offense level of 23. Given his criminal history category of VI, the guideline sentencing range ordinarily would have been 92-115 months.

However, because of his prior Tennessee conviction for Aggravated Assault (PSR ¶ 37) and his two prior Tennessee convictions for Aggravated Burglary (*id.* ¶¶ 55 & 56), Gibbs was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. As a result, pursuant to U.S.S.G. § 4B1.4(b)(3)(B), the offense level was 33 and, after the reduction for acceptance of responsibility, the total offense level was 30. Given Gibbs' criminal history category of VI, the guideline sentencing range was 168-210 months. Gibbs was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e)(1).

fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**III.       ANALYSIS OF MOVANT'S CLAIM**

The sole issue presented in Movant's § 2255 Motion is whether he is entitled to a reduction in his sentence pursuant to the Supreme Court's decision in *Alleyne*, which was issued after his conviction became final. In *Alleyne*, 133 S. Ct. at 2155, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury, rather than a "sentencing factor." Applying this standard, the Supreme Court concluded that a finding that a defendant charged under 18 U.S.C. § 924(c) "brandished" a firearm, which triggers a mandatory minimum sentence of seven years, must be submitted to the jury. *Id.* at 2163-64.

Movant's § 2255 Motion is time barred unless the decision in *Alleyne* involved a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). A new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). The Supreme Court has not held *Alleyne* to be retroactively applicable to cases on collateral review. Many courts, including the Sixth Circuit Court of Appeals, have declined to apply *Alleyne* retroactively. *See, e.g., In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) (denying leave to file a second or successive § 2255 motion "[b]ecause *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court"); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) ("[W]e now hold that *Alleyne* cannot be applied retroactively to cases on collateral review."); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (prisoner not entitled to file a second § 2255 motion to raise an *Alleyne* issue); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013) (denying leave to file a successive § 2255 motion to raise an *Alleyne* issue); *In re Payne*, 733 F.3d 1027, 1029-30 (10th

Cir. 2013) (*Alleyne* issue cannot be raised in a second or successive § 2255 motion); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (declining to authorize a successive § 2255 motion); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review.").

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Movant's conviction and sentence are valid and, therefore, his § 2255 Motion is DENIED. Judgment shall be entered for the United States.

## IV.     APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir.

2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, the issue raised by Movant lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED, this 23rd day of December, 2014.

                                                  s/ JON PHIPPS McCALLA
                                                  UNITED STATES DISTRICT JUDGE